## No. 5177.

### SAMUEL LAWSON VS. KOUNS AND MORAN.

In a suit upon a bond of indemnity, given by the real owner of a steamboat to hold the apparent owner harmless against the claims of creditors of the boat, the proceedings in the U. S. Admiralty Court, to hold the apparent owner liable for these claims, are no obstacle to a suit by him against the real owner in a tribunal having jurisdiction of the bond.

APPEAL from the Fifth District Court of New Orleans.    CULLOM, J.

*De Grey* for Plaintiff.    *B. Egan* and *Cotton & Levy* for Defendants Appellants.

Lawson had sold the boat to Kouns in 1871, but no change in the title had been made on the Custom House records.   The boat had been lost, and certain creditors of the boat had sued Lawson in the United States court, and had judgment.   Kouns and Moran had given Lawson a bond to indemnify him against all claims that might be preferred against him as owner of record, and this suit was to enforce it.

MARR, J.   Lawson had no interest in the boat after the sale by him to Kouns, but as he permitted the title to stand on the records of the

Lawson *vs.* Kouns and Moran.

Custom House, in his name, as sole owner, subsequent creditors had the right to look to him, and to hold him liable.

Lawson, Kouns, and Moran all understood this; and it was the object of the indemnifying bond to save Lawson harmless from this inevitable legal liability, which he incurred at the request, and in accordance with the views and purposes of Kouns and Moran.

When Lawson was sued as owner in the Admiralty, for debts which would have been maritime liens, if the boat had not been destroyed, he was not bound to incur the expense of defending the suits, if he was satisfied of the justice of the demands.

The judgment of the United States District Court in favor of libellants upon the issues made by Kouns is conclusive.

The testimony of Kouns shows that the claims sued on were just, and were due to the libellants for wages.

Moran was a party to these suits; but he excepted that he was not an owner of the boat, and it is clear that the Admiralty was without jurisdiction to enforce the bond of indemnity, which was an ordinary civil contract, not a maritime contract. The proceedings in the Admiralty, to hold him liable as an owner, are no obstacle to a suit against him, in any tribunal having jurisdiction, on the bond.

The holder of the legal title, the creditor having the right and the capacity to sue, may declare that he sues for the use and benefit of any person whomsoever, just as he might do what he pleased with the money, in the event of collecting it by suit or otherwise. The declaration that the suit is for the use and benefit of others does not increase or diminish the obligation or the liability of the defendants, and it is no concern of theirs to inquire who may be the beneficiaries. The plaintiff, by suing for the use of others, deprives the defendants of none of their rights or defences.

In this case, it is eminently just that Lawson, seeking indemnity on the bond against the creditors to whom he had become liable, simply because of the wish and request of the principal and surety on that bond, that his relations to the boat should not be, apparently, terminated by a change of the recorded title, should declare that he sues for the use and benefit of these creditors; and there can be no good reason why he should not be permitted to do this.

He might have transferred the bond to them, but he chose to sue for their use.

The defendants could acquit themselves of liability on the bond only by paying the creditors for whose use the suit was brought; and the form of the proceeding or the judgment which enforces that liability, and nothing more than that liability, is a matter of no importance.

*Judgment affirmed.*